UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DORIAN TREVOR SYKES,

                Petitioner,                Case No. 21-10626
                                                            Hon. Mark A. Goldsmith

v.

UNITED STATES MARSHAL SERVICE,

                Respondent.
_____/

**OPINION & ORDER**
**SUMMARILY DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner Dorian Trevor Sykes, confined at the Saginaw County Jail, filed this petition for a writ of habeas corpus under 28 U.S.C. § 2241.  In 2020, Petitioner pled guilty to bank robbery and was sentenced to 68 months.  See Judgment, United States v. Sykes, No. 19-20550 (Dkt. 155) (E.D. Mich. Nov. 18, 2020).  Petitioner claims that the United States Marshal Service is violating federal law by forcing Petitioner to serve his sentence at a county jail. He also asserts that he is at greater risk of contracting COVID-19 at the jail than he would be in a federal prison. The petition is summarily dismissed because the claims are not cognizable in an action filed under § 2241.

This matter is before the Court for initial screening under 28 U.S.C. § 2243.  See Alexander v. Northern Bureau of Prisons, 419 F. App'x 544, 545 (6th Cir. 2011).

The relief Petitioner seeks—a change in circumstances of his confinement—may not be obtained through a writ of habeas corpus.  See Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973); Muhammed v. Close, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus . . . requests for relief

turning on circumstances of confinement may be presented in a § 1983 action."); Hodges v. Bell, 170 F. App'x 389, 390 (6th Cir. 2006).

Where a federal prisoner's habeas petition seeks release from prison by claiming that no set of conditions of confinement would be constitutionally sufficient, the claim is properly construed as challenging the fact of confinement, and it is cognizable under 28 U.S.C. § 2241. See Wilson v. Williams, 961 F.3d 829, 838 (6th Cir. 2020). However, conditions of confinement claims seeking relief in the form of a transfer to another facility or improvement of prison conditions are not cognizable under § 2241. Id. Petitioner does not seek release from custody. Nor does he assert that no set of conditions of confinement would be constitutionally sufficient. Therefore, his challenge is one to the conditions of his confinement, a claim that must be pursued through a civil rights action. Sullivan v. United States, 90 F. App'x 862, 863 (6th Cir. 2004).

Where, as here, a prisoner files a § 2241 petition complaining about the conditions of his confinement, the proper course is to dismiss the petition without prejudice to allow the prisoner to assert his claims in a civil rights complaint. Martin v. Overton, 391 F.3d 710, 714 (6th Cir. 2004).

Therefore, the Court summarily dismisses the petition for writ of habeas corpus without prejudice. Petitioner is not required to apply for a certificate of appealability if he attempts to appeal this decision. Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004). However, Petitioner is denied leave to appeal this decision in forma pauperis because an appeal would lack merit and could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: April 12, 2021      s/Mark A. Goldsmith
   Detroit, Michigan      MARK A. GOLDSMITH
                                              United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 12, 2021.

s/Karri Sandusky
Case Manager
